FILED
 2008 Mar-28 PM 02:24
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TED WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-PWG-455-M |
| | ) |
| SEARS HOLDING COMPANY, d/b/a K-MART; | ) |
| K-MART EAST GADSDEN, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

On February 26, 2006, plaintiff filed a complaint in the Circuit Court of Etowah County, Alabama, against Kmart and Sears Holding Company alleging state law claims of breach of contract and fraud. This action was removed to federal court on March 3, 2006.[1] The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) and LR 73.2.

This matter is before the court on defendants' motion for summary judgment (doc. #40). Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial

---

[1] On June 4, 2007, plaintiff sought to amend the complaint to allege "an EEOC violation; wrongful termination; age discrimination; and an ADA violation." The request to amend was denied as it was filed after the October 2, 2006 Rule 16 scheduling order deadline for adding causes of actions. (Doc. #39).

burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a *prima facie* case. "In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532. Defendants argue that plaintiff's claims against Kmart are barred by operation of Kmart's Bankruptcy and that Sears Holdings Corporation is not a proper defendant. While defendants also address the merits of plaintiff's claims, it is not necessary for the court to reach the merits for the reasons expressed below.

The following material facts are undisputed. Plaintiff was employed at Kmart from October 30, 2000 until November 21, 2002 first as a staff pharmacist and later as a pharmacy manager. On January 22, 2002, Kmart filed a Voluntary Petition in the United States Bankruptcy Court for the

Northern District of Illinois (Ch. 11). After filing for bankruptcy, Kmart made "stay bonuses" available to pharmacists. Plaintiff received one stay bonus payment in the amount of $3,810.00 on September 30, 2002. On September 26, 2002, plaintiff received a Notice of Corrective Action for unsatisfactory job performance. Kmart discharged plaintiff on November 21, 2002 on the basis of his "continued unsatisfactory job performance." The Bankruptcy Court entered the Confirmation Order on April 22, 2003 confirming Kmart's Plan of Reorganization. The Plan was consummated and became effective May 6, 2003. The Confirmation Order provided:

> **12.2 Discharge of the Debtors.** Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Plan or in the Confirmation Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge, and release, effective as of the Confirmation Date (but subject to the occurrence of the Effective Date), of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Confirmation Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the Effective Date occurring.

**12.11 Injunction**.  Subject to Article 12.10 of this Plan, the satisfaction, release, and discharge pursuant to this Article XII shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim or Cause of Action satisfied, released, or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

**[Article XIV RETENTION OF JURISDICTION]**

Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and this Plan, including, among others, the following matters:

. . . .

(c) to hear and determine any and all objections to the allowance or estimation of Claims and Interests filed, both before and after the Confirmation Date, including any objections to the classification of any Claim or Interest, and to allow or disallow any Claim or Interest, in whole or in part;

. . . .

(o) to hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge, including any dispute relating to any liability arising out of the termination of employment ..."

Plaintiff filed his "charge of discrimination" with the EEOC on May 5, 2003. (Doc. #36, Exhibit A). On June 17, 2003, plaintiff filed a claim in the Bankruptcy Court stating as the basis for his claim: "EEOC; Wrongful Termination; Age Discrimination; ADA Violation." (Doc. #46, Exhibit 9). The claim reflected that the debt was incurred "Nov., 2002." (Doc. #46, Exhibit 9). The EEOC notice of right to sue was mailed on December 9, 2003. (Doc. #36, Exhibit B). The notice

advised him that he had 90 days from the receipt of the notice in which to file a lawsuit. (Doc. #36, Exhibit A). Plaintiff did not file a claim for breach of contract or fraud in the Bankruptcy Court.[2/]

Sears Holding Corporation was incorporated on November 23, 2004. Prior to that date, Sears Holding Company did not exist. At no point did Sears Holdings Corporation exercise authority over or control Kmart personnel decisions. Sears Holding Corporation did not exercise control over the Kmart bankruptcy stay bonus program.

Generally, confirmation of a debtor's bankruptcy plan discharges debts arising prior to the date of confirmation. 11 U.S.C. § 1141(d); *McSherry v. Trans World Airlines*, 81 F.3d 739 (8th Cir. 1996). The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12).

"Claim" is defined as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). The reorganization plan (§ 1.26) defined "claim" as "a claim ... whether or not asserted, as defined in section 101(5) of the Bankruptcy Code."

Whatever claims plaintiff may have had arising out of his termination arose at the latest on November 21, 2002 when he was discharged. Plaintiff argues that his claims for monetary damages

---

[2/] Plaintiff argues that the bankruptcy stay bonus program created an employment contract, changing his employment from one at-will to a contract of employment for the duration of bankruptcy. He argues that his termination on November 21, 2002 constituted a breach of the contract. Plaintiff alleges that the fraud was based on an alleged "false representation of a material fact in its goal of 'retaining key talent' during the period of bankruptcy." (Doc. #46, p. 8).

5

"as a result of the Defendants['] fraudulent conduct and subsequent breach of contract for services obtained from the Plaintiff for the benefit of the Defendants"(doc. #46, p. 13) were not discharged because such claims fell within the discharge exception of 11 U.S.C. § 523(a)(2)(A) which provides:

> (a) A discharge under section under section ... 1141 ... does not discharge an **individual** debtor from any debt –
>
> (2) for money, property, services ... to the extent obtained by –
>
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

(Emphasis added.)

11 U.S.C. § 1141(d)(2) provides "The confirmation of a plan does not discharge an **individual** debtor from any debt excepted from discharge under section 523 of this title." (Emphasis added.)

By explicit language found in both § 523(a)(2)(A) and § 1141(d)(2), the discharge exception of 11 U.S.C. § 523(a)(2)(A) applies only to "individual debtor[s]." While "individual debtor" is not defined in 11 U.S.C. § 101, "debtor" is defined as "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101(13). Under 11 U.S.C. § 101(41), "'person' includes individual, partnership, and corporation." "Corporation," however, does not include an individual. 11 U.S.C. § 101(9). In defining "insider," the Bankruptcy Code distinguishes "if the debtor is an individual" or "if the debtor is a corporation." 11 U.S.C. § 101(31). By virtue of the Code's distinction between individual and corporation, it is clear that the reference in 11 U.S.C. § 523(a)(2)(A) to "an individual debtor" was not intended to include a corporate debtor such as Kmart.

This same reasoning was followed in *In re Snug Enterprises, Inc.*, 169 B.R. 31 (Bkrtcy. E.D. Va. 1994):

> At the outset, defendant's reliance on § 523(a)(3)(A) has no merit since that section applies to "individual" debtors, and this debtor is a corporate entity.
>
> Although "individual" is not defined specifically in the bankruptcy code, the court may infer from other definitions in the code that "individual" does not include partnerships or corporations.
>
> The bankruptcy code's definition of "insider" differentiates between individuals, partnerships and corporations. 11 U.S.C. § 101(31). The code's definition of "person" makes the same distinction. 11 U.S.C. § 101(41). Moreover, the code section which deals with the discharge of a chapter 11 debtor specifies that § 523 is applicable only to individual debtors. See 11 U.S.C. § 1141(d)(2). Thus, contrary to defendant's assertion, § 523(a)'s exceptions to discharge for individual debtors do not apply to corporate chapter 11 debtors.
>
> The Fourth Circuit Court of Appeals has recognized this distinction and determined that it is constitutionally sound. See *Beard v. A.H. Robins Co.*, 828 F.2d 1029, 1031-32 (4th Cir.1987) (code's distinction between individual and corporate chapter 11 debtors is rationally justified). [footnote omitted.] See also *American Serv. Co. v. Henderson*, 120 F.2d 525, 529 (4th Cir.1941) (same decision under previous Bankruptcy Act).

*In re Snug Enterprises, Inc.,* 169 B.R. at 32.  See also, 9D Am.Jr. 2d Bankruptcy § 3563 ("The confirmation of a Chapter 11 plan does not discharge an individual debtor from any debt excepted from discharge under 11 U.S.C.A. § 523.  That section, however, does not apply to a corporation.")

The discharge exception of 11 U.S.C. § 523(a)(2)(A) which  applies only to an individual debtor, does not apply to Kmart, a corporate debtor. Further, the confirmation of the plan discharged all debts claimed by plaintiff  as they arose  prior to the date of confirmation.

Even if plaintiff's claims  had  been subject to the discharge exception, § 523(c)(1) clearly requires that even a claim under 523(a)(2) will be discharged "unless on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be

excepted from discharge under paragraph (2)." The reorganization plan included a 180 day claims/interest objection deadline. (§ 1.29). While plaintiff notified the bankruptcy court of his EEOC claim within the objection period, there was nothing in that description to alert the Bankruptcy Court that plaintiff claimed to have a discrete fraud or breach of contract claim. The fraud and breach of contract claims were raised for the first time when the complaint in this case was filed – almost 3 years after the effective date of the reorganization plan. The causes of action, however, arose at the latest when plaintiff was terminated on November 21, 2002. Because the fraud and breach of contract claims arose prior to the confirmation of the plan and because plaintiff did not file a timely request for exception to the discharge, those claims were discharged by the confirmation of the plan.[3]

Defendants argue that Sears Holding Corporation is not a proper defendant in this action. Sears Holding Corporation was not incorporated until two years after plaintiff's termination. There has been no evidence submitted that Sears Holding Company had any control over the bankruptcy stay bonus program or plaintiff's termination.

Plaintiff argues that Sears Holding Corporation should be found to be a successor-in-interest to Kmart and in turn the proper defendant. Plaintiff relies upon *Coffman v. Chugach Support Services, Inc.*, 411 F.3d 1231 (11th Cir. 2005) as establishing the factors to be examined in determinating whether there has been a "merger" or "transfer of assets" such that a subsequent corporation is deemed a "successor in interest." *Coffman* and *Leib v. Georgia-Pacific Corporation*,

---

[3] While the court has referred to both the fraud and breach of contract claims when discussing the discharge exception, the court is of the opinion that plaintiff cannot bootstrap a breach of contract claim to his fraud claim for purposes of arguing that both fall within the discharge exception. At any rate, this court has also concluded that the discharge exception for fraud does not apply to corporate debtors.

925 F.2d 240 (8th Cir. 1991), relied upon in *Coffman*, are not applicable here.  Both *Coffman* and *Leib* involved the interpretation of the Uniformed Service Employment and Reemployment Rights Act of 1994, (USERRA) 38 U.S.C. § 4301.  Under USERRA, an employer is prohibited from discriminating against employees on the basis of military service, including discrimination in reemployment for persons who serve in the military.  An employer is defined under USERRA to include a successor in interest to a plaintiff's previous employer; however, USERRA does not define successor in interest.

Plaintiff has not identified a provision of the Bankruptcy Code which makes reference to a successor in interest nor a provision which establishes an exception to the discharge of debt in the case of a post confirmation restructuring as contemplated by § 7.1 of the plan.  The approved plan provided that each debtor would continue to exist as a separate corporate entity and that after the effective date the debtors would transfer the assets to the new holding company.  The subsequent creation of a new holding company by combining the assets of the debtors under the reorganization plan does not revive discharged debts. Sears Holding Corporation is not a proper defendant in this action.

Based on the foregoing, the Court concludes that defendants' motion for summary judgment (doc. #40) is due to be granted and this action is due to be dismissed.  A separate Final Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 28th day of March, 2008.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

10